WO MDR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Adam Blomdahl,

Plaintiff,

v.

Officer Jones, et al.,

Defendants.

No. CV 20-01207-PHX-MTL (DMF)

**ORDER**

On January 14, 2020, Plaintiff Adam Blomdahl, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants Maricopa County, Jones, Fisk, M. Ariata, D. Martin, Platta, and Randozza. On June 17, 2020, Defendant Maricopa County filed a Notice of Removal and removed the case to this Court. In a June 23, 2020 Order, the Court concluded the case was properly removed, dismissed the Complaint because it was not filed on a court-approved form, and gave Plaintiff thirty days to file a first amended complaint on a court-approved form.

On June 30, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis, which the Court denied as moot in a July 8, 2020 Order. On July 7, 2020, Plaintiff filed a First Amended Complaint (Doc. 9). The Court will dismiss the First Amended Complaint with leave to amend.

. . . .

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Local Rule of Civil Procedure 3.4 requires, in part, that "[a]ll complaints . . . by incarcerated persons must be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." The instructions provided with the court-approved civil rights complaint form state that a plaintiff may only allege "**one violation per count**." (Emphasis in original.)

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

Plaintiff's three-count First Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 3.4. Plaintiff presents rambling, incoherent collections of conclusory allegations and disjointed facts against fifteen Defendants and raises significantly more than one violation per count. Because the Court cannot meaningfully review Plaintiff's First Amended Complaint, as required by 28 U.S.C. § 1915A(a), the Court will dismiss it with leave to amend.

. . . .

. . . .

JDDL

**II. Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 3.4. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. **Plaintiff may include only one claim per count**.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

. . . .

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff should take note that although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## III. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. 9) is **dismissed** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Local Rule of Civil

Procedure 3.4.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 23rd day of July, 2020.

Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona**

1. Who May Use This Form. The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights. These complaints typically concern, but are not limited to, conditions of confinement. **This form should not be used to challenge your conviction or sentence**. If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. The Form. **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

3. Your Signature. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. The Filing and Administrative Fees. The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee). If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. Original and Judge's Copy. You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten. **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. Where to File. You should file your complaint in the division **where you were confined when your rights were allegedly violated**. *See* LRCiv 5.1(a) and 77.1(a). If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division. If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division. **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions: **OR** Tucson Division:

| Phoenix & Prescott Divisions: | Tucson Division: |
|---|---|
| U.S. District Court Clerk | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | Tucson, Arizona 85701-5010 |

7. Change of Address. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. *See* Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ______________________________ (month, day, year) to:
Name: ______________________________________
Address:______________________________________
Attorney for Defendant(s)

______________________________________________________
(Signature)

9. Amended Complaint. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier. *See* Fed. R. Civ. P. 15(a). Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Completing the Civil Rights Complaint Form.

**HEADING:**

1. Your Name. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. Defendants. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

3. Jury Demand. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**

1. Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other." If you mark "other," identify the source of that authority.

2. Location. Identify the institution and city where the alleged violation of your rights occurred.

3. Defendants. Print all of the requested information about each of the defendants in the spaces provided. If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom. Insert the additional page(s) immediately behind page 2.

**Part B. PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner. Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C. CAUSE OF ACTION:**

You must identify what rights each defendant violated. The form provides space to allege three separate counts (**one violation per count**). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. Counts. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury. State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies. You must exhaust any available administrative remedies before you file a civil rights complaint. *See* 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D. REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

________________________________________
Name and Prisoner/Booking Number

________________________________________
Place of Confinement

________________________________________
Mailing Address

________________________________________
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

________________________________________ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) ______________________________________ ,
(Full Name of Defendant)

(2) ______________________________________ ,

(3) ______________________________________ ,

(4) ______________________________________ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO**. __________________________________
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: __________________________________________________.

2. Institution/city where violation occurred: ______________________________________.

## B. DEFENDANTS

1. Name of first Defendant: ______________________. The first Defendant is employed as: ______________________ at ______________________.
(Position and Title) (Institution)

2. Name of second Defendant: ______________________. The second Defendant is employed as: as: ______________________ at ______________________.
(Position and Title) (Institution)

3. Name of third Defendant: ______________________. The third Defendant is employed as: ______________________ at ______________________.
(Position and Title) (Institution)

4. Name of fourth Defendant: ______________________. The fourth Defendant is employed as: ______________________ at ______________________.
(Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☐ No

2. If yes, how many lawsuits have you filed? ________. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: ______________________ v. ______________________
   2. Court and case number: ______________________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______________________
   ______________________.

b. Second prior lawsuit:
   1. Parties: ______________________ v. ______________________
   2. Court and case number: ______________________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______________________
   ______________________.

c. Third prior lawsuit:
   1. Parties: ______________________ v. ______________________
   2. Court and case number: ______________________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______________________
   ______________________.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: ______________________
______________________________________________________________________.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

______________________________________________________________________.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

______________________________________________________________________.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________________________________________________.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: ______________________________ ______________________________.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ______________________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

______________________________.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

______________________________.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________.

## COUNT III

1. State the constitutional or other federal civil right that was violated: ______________________________
______________________________________________________________________________.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

______________________________________________________________________________.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

______________________________________________________________________________.

5. **Administrative Remedies.**
a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
b. Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________________________________________________________.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
_____________________________________________________________________.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________________________ ______________________________
DATE SIGNATURE OF PLAINTIFF

______________________________________________
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

______________________________________________
(Signature of attorney, if any)

______________________________________________
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.