WO                                                                                                      MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Adam Blomdahl,                                          No.   CV 20-01207-PHX-MTL (DMF)

                          Plaintiff,

v.                                                              **ORDER**

Officer Jones, et al.,

                          Defendants.

On January 14, 2020, Plaintiff Adam Blomdahl, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants Maricopa County, Jones, Fisk, M. Ariata, D. Martin, Platta, and Randozzo.  On June 17, 2020, Defendant Maricopa County filed a Notice of Removal and removed the case to this Court.  In a June 23, 2020 Order, the Court concluded the case was properly removed, dismissed the Complaint because it was not filed on a court-approved form, and gave Plaintiff thirty days to file a first amended complaint on a court-approved form.

On June 30, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis, which the Court denied as moot in a July 8, 2020 Order.  On July 7, 2020, Plaintiff filed a First Amended Complaint.  In a July 24, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to comply with Rule 8 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff

thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

On August 4, 2020, Plaintiff filed a Second Amended Complaint (Doc. 11). The Court will order Defendant Jones to answer Count One of the Second Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

. . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.   Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff names as Defendants the Maricopa County Board of Supervisors, Maricopa County Sheriff Paul Penzone, Sergeant Alger, and Officer B. Jones. In his Request for Relief, Plaintiff seek immediate release from confinement,[1] monetary damages, and his attorney's fees.

In **Count One**, Plaintiff raises a Fourteenth Amendment deliberate indifference claim. He contends that on June 17, 2019, he was forced into a filthy cell because he had "refused a '3hr out' pod." Plaintiff alleges he was denied cleaning supplies although the cell was "contaminated with an infectious disease" and had feces smeared on the walls and everywhere else. Plaintiff contends he got seriously ill and, on June 19, 2019, was "barely able to get up from a soiled bed w[ith] d[y]sent[e]ry pissing from his anus." He asserts he told Defendant Jones that he was sick and begged for a shower, but Defendant Jones ignored him. Plaintiff claims the next time Defendant Jones walked by, Plaintiff, "out of desperation," said that he was suicidal. Defendant Jones allegedly responded by asking Plaintiff if he wanted Defendant Jones to get him a rope and, for the remainder of the shift, harassed Plaintiff while Plaintiff was in severe pain from his illness. Plaintiff claims that because Defendant Jones intentionally denied him medical care, despite knowing Plaintiff needed medical care, Plaintiff suffered emotional distress, prolonged illness, and needless pain and suffering. Plaintiff asserts that he continues to have ulcer-like stomach pains and "intestinal medical health problems w[ith] shortness of breath."

. . . .

---

[1] To the extent Plaintiff is seeking the invalidation or modification of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

1   Plaintiff also contends that seventy-two hours after he got sick, he was allowed to

2   take a shower and was taken to the medical department.  He asserts that on June 20, 2019,

3   a nurse gave him an antibiotic.  Plaintiff claims that when he told the nurse his room had

4   not been cleaned, an officer "admitted that 'maintenance is supposed to clean the rooms.'"

5   The nurse allegedly stated "this is up to (MCSO) policy."  Plaintiff contends this is an

6   "unconstitutional custom."

7   In **Count Two**, Plaintiff raises a Fourteenth Amendment "failure to train" claim.

8   Plaintiff asserts that on August 19, 2016, he was booked into the Maricopa County Jail and,

9   "due to an unconstitutional custom and policy," his due process rights were violated

10  because of a "false medical ref[]er[r]al and misclassifications."  He alleges Defendant

11  Maricopa Board of Supervisors failed to implement effective training to ensure Defendant

12  Penzone, who became the Sheriff in 2017, was training his subordinates.

13  Plaintiff claims that in June 2017, he was still suffering from an "incident" involving

14  Defendant Alger, who was Defendant Penzone's subordinate, "as a cause of failure to

15  train."  He also asserts the "inaction" and failure to train by Defendants Penzone and

16  Maricopa County Board of Supervisors led to the June 17, 2019 incident with Defendant

17  Jones described in Count One.  Plaintiff contends this incident "affirmat[ive]ly links

18  Maricopa County and [Defendant] Penzone to an utter failure to train, causing Sheriff's

19  Office institutional subordinates[] to harm Plaintiff by excessive force and deliberate

20  indiffer[e]nce."

21  In addition, Plaintiff contends that he was a pretrial detainee preparing to go to court

22  in his state court criminal action and, "due to the failure to train by [Defendants] Maricopa

23  County Board of Supervisors and Mr. Penzone, his investigation and his due process

24  constitutional rights to a fair trial w[ere] obstructed [and he] was wrongfully convicted."

25  He claims there is "no way" he could have received a fair trial "with this type of failure to

26  train, excessive force and deliberate indiffer[e]nce  (on record) [and] the stated

27  unconstitutional conditions of confinement."

28  . . . .

In **Count Three**, Plaintiff alleges he was subjected to excessive force in violation of his Fourteenth Amendment rights.  Plaintiff asserts that on June 28, 2017, Defendant Alger "ordered by oversight a 'Planned Use of Force'" that led to "needless pain/suffering[ and] permanent and d[e]bilitating injuries" and "obstructed [Plaintiff] from taking needed prep[a]ration in his [criminal] case."  Plaintiff asserts that after he refused to be placed in the general population and attempted to file a grievance, Defendant Alger "gave the order to ass[a]ult Plaintiff."  Plaintiff alleges Defendant Alger "had adopted this unconstitutional custom and policy within (MCSO) to use forced extraction as a tactic to coerce Plaintiff while investigating his [criminal] disclosure."  He asserts that "[t]o conduct the forced move, a false . . . mental health refer[r]al was filed [and] Plaintiff was hit with pepper chemicals, [was] dragged in chains, [had] a spit mask . . . placed over his head to prevent identification[, and was] slammed on [the] ground[ and] kicked in [the] head."  He also contends Defendant Alger "gave the order to drive the knee of another officer into the Plaintiff's spine," which caused permanent damage and partial paralysis.  Plaintiff claims he needed x-rays, could not walk upright for five days, and has pain from permanent injuries.

Plaintiff claims that as a result of "these conditions of confinement, reports/grievances and exculpatory evidence was lost."  He contends he was unable to file a grievance during the incident and Defendant Alger's "true identity" was not disclosed until April 16, 2020.  Plaintiff claims he is "still in the process of reviewing a [document] that was part of the disclosure, as [the Arizona Department of Corrections] is now preventing him from completing discovery."

**III.  Discussion of Second Amended Complaint**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### A.    Count One

Liberally construed, Plaintiff has stated a Fourteenth Amendment deliberate indifference claim against Defendant Jones for failing to provide Plaintiff with a shower and denying him medical care.

To the extent Plaintiff is alleging his cell was not cleaned because of an unconstitutional custom of the Maricopa County Sheriff's Office, he has failed to state a claim.  Plaintiff has not identified any particular policy or custom that led to his cell not being cleaned.  Moreover, based on Plaintiff's allegations, it appears the failure to clean the room stemmed from a failure to follow policy, not from adherence to an unspecified custom.  Thus, the Court will dismiss this portion of Count One.

### B.    Count Two

To state a claim based on a failure to train or supervise, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference.  *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998).  A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the

result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))).   A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

### 1.       Defendant Maricopa County Board of Supervisors

Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. *Monell*, 436 U.S. at 690-91.  Likewise, an Arizona county can be sued through its board of supervisors. Ariz. Rev. Stat. § 11-201(a)(1).  However, a municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006).  The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).

A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Maricopa County Board of Supervisors maintained a specific policy or custom that resulted in a violation of his federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom.

. . . .

1   Moreover, the responsibility of operating jails in Arizona is placed by law upon the

2   Sheriff, not on the county's Board of Supervisors. *See* Ariz. Rev. Stat. § 11-441(A)(5);

3   Ariz. Rev. Stat. § 31-101. The Maricopa County Board of Supervisors lacks authority to

4   establish an official policy with respect to the operation of the jail and cannot be held liable

5   for the actions of the Sheriff or his deputies on a theory of respondeat superior liability.

6   *See Thompson v. City of L.A.*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other*

7   *grounds by Bull v. City & County of S.F.*, 595 F.3d 964 (9th Cir. 2010).

8   Thus, the Court will dismiss without prejudice Plaintiff's claim in Count Two

9   against Defendant Maricopa County Board of Supervisors.

10   **2.     Defendant Penzone**

11   Plaintiff has failed to make any allegations regarding the training and supervision

12   Defendant Penzone actually provided, how that training was inadequate, or how those

13   inadequacies led to Plaintiff's injuries. Plaintiff's allegations are too vague and conclusory

14   to state a failure-to-train claim against Defendant Penzone, and the Court will therefore

15   dismiss Plaintiff's claim in Count Two against Defendant Penzone.

16   **C.     Count Three**

17   The Fourteenth Amendment's Due Process Clause applies to the use of excessive

18   force against pretrial detainees that amounts to punishment. *Kingsley v. Hendrickson*, 576

19   U.S. 389, 397 (2015); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002).

20   Force is excessive if the officers' use of force was "objectively unreasonable" in light of

21   the facts and circumstances confronting them, without regard to their mental state.

22   *Kingsley*, 576 U.S. at 396; *see also Graham v. Connor*, 490 U.S. 386, 397 (1989) (applying

23   an objectively unreasonable standard to a Fourth Amendment excessive force claim arising

24   during an investigatory stop). In determining whether the use of force was reasonable, the

25   Court should consider factors including, but not limited to

26
27          the relationship between the need for the use of force and the amount
            of force used; the extent of the plaintiff's injury; any effort made by
            the officer to temper or to limit the amount of force; the severity of
28

the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Because officers are often forced to make split-second decisions in rapidly evolving situations, the reasonableness of a particular use of force must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 2473-74 (citing *Graham*, 490 U.S. at 396). Further, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Constitution. *Graham*, 490 U.S. at 396 (citation omitted).

Plaintiff's allegations against Defendant Alger in Count Three are utterly vague and conclusory, and the Court cannot conclude from these disjointed allegations whether it was objectively unreasonable for Defendant Alger to use a "forced extraction" after Plaintiff refused to be placed in the general population.

Moreover, it appears Plaintiff's claim is untimely. The applicable statute of limitations in an action under § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1).

Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, to be timely, Plaintiff's claims must have accrued no more than two years before his Complaint was filed on January 14, 2020.

Plaintiff's excessive force claim accrued on June 28, 2017, and is untimely. *See Cabrera*, 159 F.3d at 380-81 (finding that excessive force claim accrued on the date of the assault). Even though Plaintiff may not have known Defendant Alger's "true identity" until April 16, 2020, a plaintiff need not know who caused the injury for the action to

accrue. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) ("[A]s a general rule, ignorance of the involvement of government employees is irrelevant to accrual of a federal tort claim."); *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984) ("Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it."); *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981) ("In the absence of fraudulent concealment it is plaintiff's burden, within the statutory period, to determine whether and whom to sue."); *Clavette v. Sweeney*, 132 F. Supp. 2d 864, 875 (D. Or. 2001) ("a cause of action accrues when the plaintiff knows of the injury and its physical cause even if the plaintiff does not know who inflicted the harm"; finding that plaintiff's claim accrued on the date his alleged injuries occurred and he knew that police officers had allegedly inflicted them, and that it was "irrelevant" that the plaintiff did not know the officer's identity until a later point in time).

Thus, the Court will dismiss without prejudice Count Three.

## IV.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendant with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Counts Two and Three are **dismissed** without prejudice.

(2)    Defendants Penzone, Maricopa County Board of Supervisors, and Alger are **dismissed** without prejudice.

(3)    Defendant Jones must answer the deliberate indifference claim against him in Count One.

(4)    The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Jones.

(5)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7)     The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(8)     The United States Marshal must notify Defendant Jones of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

(9)     If Defendant Jones agrees to waive service of the Summons and Second Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)    Defendant Jones must answer the relevant portion of Count One of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 12th day of August, 2020.

Michael T. Liburdi
United States District Judge