**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Paul Blomdahl,<br><br>    Plaintiff,<br><br>v.<br><br>B. Jones,<br><br>    Defendant. | No. CV-20-01207-PHX-MTL (DMF)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R") (Doc. 33), recommending that Plaintiff's "Motion to Amend the Second Amended Complaint & Joinder of Co-defendants" (the "Motion") (Doc. 23) be denied. The Court has reviewed the Motion (Doc. 23), Defendants' Response to the Motion (Doc. 26), Plaintiff's Reply (Doc. 28), the R&R (Doc. 33), Plaintiff's Objection to the R&R (Doc. 40), and Defendants' Response to Plaintiff's Objection (Doc. 43). For the reasons expressed below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**I. BACKGROUND**

Plaintiff filed a Complaint in the Maricopa County Superior Court in January 2020. (Doc. 1-1 at 3.) Defendant Maricopa County then removed to this Court. (Doc. 1.) Plaintiff's Complaint was dismissed with leave to file an amended complaint. (Doc. 4.) Plaintiff timely filed a First Amended Complaint. (Doc. 9.) The First Amended Complaint was dismissed with leave to amend because it failed to comply with Rule 8 of

the Federal Rules of Civil Procedure and LR Civ 3.4. (Doc. 10.)

On August 4, 2020, Plaintiff filed a Second Amended Complaint listing multiple defendants. (Doc. 11.) The Court screened the Second Amended Complaint, ordered Defendant Jones to answer the deliberate indifference claim, and dismissed the remaining defendants and counts. (Doc. 12.) The Court found that "[l]iberally construed, Plaintiff has stated a Fourteenth Amendment deliberate indifference claim against Defendant Jones for failing to provide Plaintiff with a shower and denying him medical care" (*Id.* at 6). Months later, Plaintiff filed a Motion to Amend the Second Amended Complaint and Join Parties and lodged a proposed Third Amended Complaint (Docs. 20, 21.) The Court denied the motion and proposed complaint for failure to comply with LR Civ 15.1, stating that "any proposed amended complaint should include all the claims Plaintiff wishes to present and all of the defendants Plaintiff wishes to sue and shall not incorporate material from the prior Complaint by reference." (Doc. 22 at 4.)

In December 2020, Plaintiff filed a motion for leave to file a Third Amended Complaint and lodged a Proposed Third Amended Complaint. (Docs. 23, 24.) Plaintiff seeks to add Officers Fisk and Magana as defendants. (*Id.*) Neither of these officers were previously named in Plaintiff's earlier complaints. The Motion is fully briefed. (Docs. 26, 28.)

## II.   LEGAL STANDARD

When reviewing objections to a R&R, the Court only reviews de novo those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires 'specific written objections to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL),

2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)). If a plaintiff raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citations omitted). Therefore, a general objection "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367 at *2 (citations omitted).

### III. DISCUSSION

The R&R recommends that Plaintiff's Motion be denied. (Doc. 33.) The R&R concludes that Plaintiff's Motion should be denied because allowing amendment would be futile and cause undue delay. (*Id.* at 8–9.) Because vicarious liability is inapplicable to 42 U.S.C. § 1983 claims and deliberate indifference requires a prison official to both know of and disregard an excessive risk to inmate health, the R&R states that any amendment to Plaintiff's Motion would be futile. (*Id.* (*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).) The R&R also concludes that because Plaintiff failed to name Officers Fisk and Magana in his three previous complaints and adding new defendants would necessitate an extension of deadlines to permit further discovery, amendment to Plaintiff's Motion would also cause undue delay. (*See id.* at 9–10.) Plaintiff uses much of his Objection to restate his arguments that his Motion should be granted, but the Court will focus on the specific objections that he asserts to the R&R. (Doc. 40.)

Plaintiff specifically objects to the R&R's conclusion that his amendment would be futile due to failure to state a claim. (*Id.* at 2.) Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff should be given leave to amend his complaint when justice so requires. The Court has discretion to grant or deny leave to amend. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129 (9th Cir. 2013). While leave to amend should be freely given, it should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend need not be granted if, among other factors, the Court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to

- 3 -

cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Desertrain v. Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The Court's discretion to deny leave to amend is particularly broad when, as here, Plaintiff has already been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

The R&R recommends that Plaintiff's Motion be denied because amendment would be futile due to failure to state a claim against either officer. (Doc. 33 at 6.) A proposed amended complaint is futile if, accepting all the facts alleged as true, it would be immediately "subject to dismissal" for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To prevail in a § 1983 claim against state actors, Plaintiff must show that "(1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).

In this case, Plaintiff argues Officer Fisk placed him into a cell that was not "checked to ensure it was clean" that he knew "could pose a substantial risk to [Plaintiff's] health." (Doc. 40 at 4.) To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. *Farmer*, 511 U.S. at

837. As the R&R notes, these allegations do not come close to the threshold to plead a deliberate indifference claim. Plaintiff's allegations against Officer Fisk fail to point to specific conduct that indicates he was aware of the cell's contaminated condition and the risk of serious harm that it posed. Rather, Plaintiff makes conclusory statements about Officer Fisk's knowledge of the condition of the cell. Nothing else in Plaintiff's proposed Third Amended Complaint relates to any specific actions that Officer Fisk took against Plaintiff in violation of the Fourteenth Amendment. (Doc. 24.) Such conclusory statements are insufficient to support a claim and any amendment to add Officer Fisk would therefore be futile. *Iqbal*, 556 U.S. at 678.

Second, Plaintiff argues his proposed amended complaint states a claim against Officer Magana because his actions "parallel" Defendant Officer Jones. (Doc. 40 at 3.) "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff argues that because Officer Magana was Defendant Jones' partner and was nearby when Officer Jones said he could "go get a rope" when Plaintiff expressed suicidal ideations, Plaintiff has sufficiently stated a claim against Officer Magana.[1] (*Id.* at 2–3.) As the R&R states, however, these claims are insufficient to state a claim of deliberate indifference. (Doc. 33 at 9.) None of the alleged facts demonstrate that Officer Magana was individually involved in the deprivation of Plaintiff's rights. Rather, the allegations center on the actions of Officer Jones, who this Court has already said is a proper defendant. Since vicarious liability is inapplicable to § 1983 suits, Plaintiff fails to plead sufficient facts that point to conduct specific to Officer Magana. The Court therefore agrees with the R&R that allowing amendment to add claims against Officers Fisk and Magana would be futile because no

---

[1] Plaintiff includes information not previously stated in his prior complaints regarding Officer Magana being with "Jones, by his side and within earshot" during this exchange. (Doc. 40 at 3.) "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Even after considering this new information, the Court remains unpersuaded that Plaintiff has pleaded the necessary facts to state a plausible § 1983 claim against the two officers.

- 5 -

plausible claim can be alleged against either officer.

Another independent reason that supports the R&R's conclusion that amendment should not be allowed is that Plaintiff's amendment would cause undue delay. In assessing the timeliness of an amendment, the court may "also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Plaintiff does not present any explanation as to why he did not name Officers Fisk and Magana in his three previous complaints.[2] As the case currently stands, months of discovery have passed and defense counsel intends to depose Plaintiff in just a few weeks. Additionally, the deadline has passed for any motion seeking dismissal of Plaintiff's claims or judgment as a matter of law on Plaintiff's claims based on an assertion that Plaintiff failed to administratively exhaust his claims. Given that the addition of new defendants would require extension of discovery and other deadlines, the Court agrees with the R&R that Plaintiff's Motion should be denied due to undue delay.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation. (Doc. 33.)

**IT IS FURTHER ORDERED denying** Plaintiff's Motion to Amend the Second Amended Complaint & Joinder of Co-defendants. (Doc. 23.)

Dated this 12th day of April, 2021.

Michael T. Liburdi
United States District Judge

---

[2] Plaintiff argues that Officer Fisk was named prior to this Court taking jurisdiction and Officer Magana was identified in the journal entries of a previous case. (Doc. 40 at 4.) As Defendant's Response to Plaintiff's Objections points out, references to Officer Fisk were made in state courts, rather than federal. (Doc. 43 at 2.) Because Plaintiff fails to explain why he did not name Officers Fisk and Magana in any *federal* proceeding, the Court agrees with the R&R that allowing an additional amendment would cause undue delay.